

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

April 20, 1953

Hon. M. B. Morgan                    Opinion No. S-30.
Commissioner
Bureau of Labor Statistics    Re: Authority of the Bureau
Austin, Texas                     of Labor Statistics to
                                  license a Grayson County
                                  resident to operate an
                                  employment agency in
Dear Mr. Morgan:                  Jefferson County.

        You request the opinion of this office as to
whether the Commissioner of the Bureau of Labor Sta-
tistics can approve an application of a Grayson County
resident to operate an employment agency in Jefferson
County. In other words, can an employment agent duly
licensed to operate an employment agency in Grayson
County procure another license to operate an employment
agency under the same name in any other county of this
State, to-wit, Jefferson.

        You have advised that you are interested in
an opinion concerning only the Private Employment Agency
Law.

        Section 3 of Article 5221a-6, V.C.S., reads
in part as follows:

        ". . . Where the application is made by a
    firm, partnership, or an association of persons,
    it must be verified by each person for whose
    benefit the application is made, and such
    application shall also be accompanied by affi-
    davits of at least five (5) creditable citizens
    who have resided in the county in which such
    applicant desires to conduct the business of
    a Private Employment Agency, for at least three
    (3) years, to the effect that the <u>applicant or
    applicants are residents of the county in which
    such person desires to become a Private Employ-
    ment Agent</u>, and that such person or persons are
    of good moral character. . . . There shall
    be only one type of license issued under the
    provisions of this Act, which license shall be
    designated as a Private Employment Agency
    license, which will permit the licensee to
    Act as a Private Employment Agent, <u>maintaining
    only one office under said license</u>. . . .

The underscored portions of Section 3 of Article 5221a-6 clearly indicate that the Legislature intended for the Private Employment Agent to be a resident of the county in which he conducts the business of a Private Employment Agency. The Legislature by this Section requires that five creditable citizens of the county where the agency is to be located make affidavits that the applicant for a license to engage in the business of a private employment agency (1) be a resident of the county where he intends to transact said business, and (2) be of good moral character. If the Legislature had not intended that the applicant be a resident of the county where he intended to do business as a private employment agent, it certainly would not have included in the statute the specific requirement that the applicant submit with his application affidavits from reputable citizens stating that he was a resident of the county where he intended to do business. Under this statute the Bureau of Labor Statistics can approve an application for an applicant to do business as a private employment agent if the applicant meets the requirements set out in the statute. If the applicant does not meet the requirements so set out the Bureau of Labor Statistics does not have the power to approve such an application. For the Bureau to do so would be an assumption of authority prohibited by the Legislature.

The intent of the Legislature is made even clearer by Section 3, Article 5221a-5, the Labor Agency Law, which stipulates that the affidavits of the five creditable citizens are only to the effect that the applicant or applicants are persons of good moral character. In this Section they have left out the residence requirement altogether. If such had been the intent of the Legislature in the Private Employment Agency Law it must be assumed that they would have also excluded the residence requirement from that law.

Thus the Bureau of Labor Statistics does not have the power or authority to approve an application by a Grayson County resident to operate an employment agency in Jefferson County.

## SUMMARY

The Bureau of Labor Statistics cannot approve an application of a Grayson County resident to operate a private employment agency in Jefferson County.

APPROVED:

Rudy G. Rice
State Affairs Division

C. K. Richards
Reviewing Assistant

Willis Gresham
Reviewing Assistant

Robert S. Trotti
First Assistant

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By *Bradley Bourland*

Bradley Bourland
Assistant